# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## No. 24-1275

TAYVIN GALANAKIS,
Appellee,

vs.

CITY OF NEWTON, IOWA, NATHAN WINTERS, AND CHRISTOPHER WING
Appellants.

## INTERLOCUTORY APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

## APPELLEE'S BRIEF

Matthew M. Boles
Adam C. Witosky
GRIBBLE BOLES STEWART
& WITOSKY LAW
2015 Grand Avenue, Ste. 200
Des Moines, Iowa 50312
(515) 235-0551
(515) 243-3696 (Fax)
mboles@gbswlaw.com
awitosky@gbswlaw.com
**ATTORNEYS FOR APPELLEE**

### SUMMARY AND STATEMENT ON ORAL ARGUMENT

Officer Nathan Winters and Lieutenant Christopher Wing of the Newton Police Department stopped Tayvin Galanakis' vehicle for using his high beams. Absent any operating issue, bloodshot eyes, smell of alcohol, or other indication of intoxication, Officer Winters pursued an investigation for driving while intoxicated which Lt. Wing observed.

As shown by the body camera video, Tayvin's errors during field testing were not due to intoxication, but rather to Tayvin and Officer Winters' conflicting pettiness. When Tayvin's preliminary breath test returned a 0.00 blood alcohol, Officer Winters accused him of using marijuana, again with no basis, and arrested him as Lt. Wing stood silent. The district court found that a reasonable juror could conclude Officer Winters and Lt. Wing violated both the Fourth Amendment and Iowa law on false arrest for arresting Tayvin without probable cause. Denial of summary judgment must be affirmed.

Tayvin agrees with the Appellants' request for oral argument, but believes ten minutes is sufficient.

ii

# TABLE OF CONTENTS

SUMMARY AND STATEMENT ON ORAL ARGUMENT.....................................ii

TABLE OF CONTENTS................................................................iii

TABLE OF AUTHORITIES ............................................................v

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF ISSUES ............................................................2

STATEMENT OF CASE ..............................................................2

    **I.**   **Procedural Background** .........................................2

    **II.**  **Factual Background** ............................................2

SUMMARY OF ARGUMENTS .........................................................3

ARGUMENTS ......................................................................4

    **I.**   **The District Court Correctly Denied Summary Judgment on the Fourth Amendment and Iowa Law Claims** ................................................4

        **A.**  STANDARD OF REVIEW ....................................4

        **B.**  REASONABLE JUROR CAN FIND OFFICER WINTERS AND LT. WING'S ARRESTED TAYVIN WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT UNDER CLEARLY ESTABLISHED LAW.....................................5

            **1.**   **Arrest Violated the Fourth Amendment**...............5

            **2.**   **Clearly Established law**...........................18

Appellate Case: 24-1275     Page: 3     Date Filed: 07/01/2024 Entry ID: 5409151

    **C.** REASONABLE JUROR CAN FIND OFFICER WINTERS AND LT. WING FALSELY ARRESTED TAYVIN UNDER CLEARLY ESTABLISHED IOWA LAW.......................................................26

        **1.** **False Arrest**.................................................26

        **2.** **No State Statutory Qualified Immunity** ..............30

**CONCLUSION**..............................................................32

**CERTIFICATE OF SERVICE AND FILING** ...................................33

**CERTIFICATE OF COMPLIANCE**...............................................34

iv

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Creighton*, 483 U.S. 635 (1987) ............................................ 19

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................ 15

*Bell v. Neukirch*, 979 F.3d 594 (8th Cir. 2020) .................................. 14, 16

*Berg v. VanLangen*, 54 Fed.App. 252 (8th Cir. 2003) ............................. 22

*Brosseau v. Haugen*, 543 U.S. 194 (2004) ............................................... 18

*Burnett v. Smith*, 990 N.W.2d 289 (Iowa 2023) ..................................... 31

*Carter v. Chrysler Corp.*, 173 F.3d 693 (8th Cir. 1999) ........................... 4

*Children v. Burton*, 331 N.W.2d 673 (Iowa 1983) ..................... 26, 28, 29

*Clinton v. Garrett*, 49 F.4th 1132 (8th Cir. 2022) .................................... 1

*Davis v. Dawson*, 33 F.4th 993 (8th Cir. 2022) ..................................... 5, 9

*Davis v. Scherer*, 468 U.S. 183 (1984) ..................................................... 19

*District of Columbia v. Westby*, 583 U.S. 48 (2018) ............................... 12

*Donahue v. Wihongi*, 948 F.3d 1177 (10th Cir. 2020) ............................ 26

*Dunn v. Doe 1-22*, No. 4:21-cv-00053, 2023 WL 3081611
(S.D. Iowa April 24, 2023) ...................................................................... 31

*Est. of Nash v. Folsom*, 92 4th 746 (8th Cir. 2024) .................................. 1

*Flores v. U.S.*, 689 F.3d 894 (8th Cir. 2012) ............................................. 4

*Fox v. McCurnin*, 218 N.W. 499 (Iowa 1928) .................................... 7, 31

v

*Godar v. Edwards*, 588 N.W.2d 701 (Iowa 1999) ................................. 32

*Gutierrez v. Kermon*, 722 F.3d 1003 (7th Cir. 2013) ............................ 25

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ............................................ 19

*Jackson v. Stair*, 944 F.3d 704 (8th Cir. 2019) ...................................... 21

*Jamison v. McClendon*, 476 F.Supp.3d 386 (S.D. Miss. 2020) .............. 20

*J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127 (1994) .............................. 21

*Kent v. Katz*, 312 F.3d 568 (2nd Cir. 2002) ................................ 12, 15, 26

*Kisela v. Hughes*, 584 U.S. 100 (2018) ................................................... 21

*K.W.P. v. Kansas City Pub. Schools*, 931 F.3d 813 (8th Cir. 2019) ........ 23

*Lambert v. City of Dumas*, 187 F.3d 931 (8th Cir. 1999) ....... 5, 22, 23, 29

*Langford v. Norris*, 614 F.3d 445 (8th Cir. 2010) .................................... 1

*L.G. through M.G. v. Columbia Pub. Schools*, 990 F.3d 1145
(8th Cir. 2021) ............................................................................................ 4

*McManemy v. Tierney*, 970 F.3d 1034 (8th Cir. 2020) ........................... 17

*O'Connor v. Donaldson*, 422 U.S. 563 (1975) ........................................ 18

*Richards v. City of West Des Moines*, No. 22-0895, 2023 WL
4759456 (Iowa Ct. App. July 26, 2023) .................................................. 27

*Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761 (Iowa 2002) ......................... 27

*Ripson v. Alles*, 21 F.3d 805 (8th Cir. 1994) .......................................... 22

*Saunders v. Comm'r of Pub. Safety*, 226 N.W.2d 19 (Iowa 1975) .... 24, 29

Appellate Case: 24-1275    Page: 6    Date Filed: 07/01/2024 Entry ID: 5409151

*Scheffler v. Lee*, 752 Fed.Appx. 239 (6th Cir. 2018) ............................... 25

*Sergeant v. Watson Bros. Transp. Co.*, 52 N.W.2d 86 (Iowa 1952) ........ 26

*Seymour v. City of Des Moines*, 519 F.3d 790 (8th Cir. 2008) ...... 9, 11, 15

*Scott v. Harris*, 550 U.S. 372 (2007) .......................................................... 17

*Shannon v. Koehler*, 616 F.3d 855 (8th Cir. 2010) ................................... 3

*Sparr v. Ward*, 306 F.3d 589 (8th Cir. 2002) ........................................... 5

*Stark v. Hamelton*, No. 3:18-cv-00069, 2021 WL 4056716
(S.D. Iowa Sept. 2, 2021) .......................................................................... 31

*State v. Carlson*, 276 N.W. 770 (Iowa 1937) ........................................... 16

*State v. Johnson-Hugi*, 484 N.W.2d 599 (Iowa 1992) ............................. 28

*State v. Lobo*, No. 17-1768, 2019 WL 762192
(Iowa Ct. App. Feb. 20, 2019) .................................................................. 10

*State v. Morgan*, 877 N.W.2d 133 (Iowa Ct. App. 2016) .................... 7, 29

*State v. Murphy*, No. 21-0938, 2022 WL 1100904
(Iowa Ct. App. Apr. 13, 2022) .................................................................... 9

*State v. Rains*, 574 N.W.2d 904 (Iowa 1998) .......................................... 28

*State v. Stevens*, 394 N.W.2d 388 (Iowa 1986) ........................... 24, 25, 29

*State v. Tague*, 676 N.W.2d 197 (Iowa 2004) ........................................... 9

*State v. Warren*, 955 N.W.2d 848 (Iowa 2021) .................................. 24, 29

*State v. Wenzel*, 987 N.W.2d 473 (Iowa Ct. App. 2022) .................... 24, 29

*Stoner v. Watlingten*, 735 F.3d 799 (8th Cir. 2013) ........................... 22, 23

Appellate Case: 24-1275     Page: 7     Date Filed: 07/01/2024 Entry ID: 5409151

*Taylor v. St. Louis Cmty. College*, 2 F.4th 1124 (8th Cir. 2021) .............. 3

*Thomas v. Talley*, 251 F.3d 743 (8th Cir. 2001) ...................................... 1

*Thompson v. Monticello, Arkansas, City of*, 894 F.3d 993
(8th Cir. 2018) ........................................................................... 17

*Tolan v. Cotton*, 572 U.S. 650 (2014) ....................................................... 4

*U.S. v. Barry*, 394 F.3d 1070 (8th Cir. 2005) ........................................ 11

*U.S. v. Pratt*, 355 F.3d 1119 (8th Cir. 2004) ........................................... 9

*Veatch v. City of Waverly*, 858 N.W.2d 1 (Iowa 2015) ..................... 27, 28

*Vlotho v. Hardin County*, 509 N.W.2d 350 (Iowa 1993) ........................ 32

*White v. McKinley*, 519 F.3d 806 (8th Cir. 2008) .................................... 1

*Whren v. U.S.*, 517 U.S. 806 (1996) ........................................................ 5

*Williams v. City of Alexander, Ark.*, 772 F.3d 1307 (8th Cir. 2014) ....... 22

*Wood v. Strickland*, 420 U.S. 308 (1975) ............................................... 18

*Young v. City of Des Moines*, 262 N.W.2d 612 (Iowa 1978) .................. 28

*Zohn v. Menard, Inc.*, 598 N.W.2d 323 (Iowa Ct. App. 1999) ............... 28

**Statutes**

Iowa Code §670.4A(1)(a) .......................................................................... 30

Iowa Code §804.5 ..................................................................................... 27

Iowa Code §804.7 ..................................................................................... 27

Appellate Case: 24-1275     Page: 8     Date Filed: 07/01/2024 Entry ID: 5409151

**Additional Authorities**

Fed. R. Civ. P. 56(a).................................................................... 4

Avidan Y. Cover, *Reconstructing the Right Against Excessive Force*,
68 FLA L. REV. 1773 (2016)........................................... 18, 20, 21

Joanna C. Schwartz, *How Qualified Immunity Fails*,
127 YALE L.J. 2 (2017) ............................................................. 20

Appellate Case: 24-1275    Page: 9    Date Filed: 07/01/2024 Entry ID: 5409151

Appellee agrees with Appellants' as to the basis of the district court's jurisdiction, the date of the district court's judgment, and the date the notice of appeal was filed. This Court's jurisdiction "'extends only to abstract issues of law, not to determinations that the evidence is sufficient to permit a particular finding of fact[.]'" *Clinton v. Garrett*, 49 F.4th 1132, 1138 (8th Cir. 2022) (*quoting Langford v. Norris*, 614 F.3d 445, 455 (8th Cir. 2010)). It lacks jurisdiction if "'at the heart of th[e] argument is a dispute of fact.'" *White v. McKinley*, 519 F.3d 806, 813 (8th Cir. 2008) (*quoting Pace v. City of Des Moines*, 201 F.3d 1050, 1053 (8th Cir. 2000)). There is no jurisdiction for arguments on sufficiency of evidence. *Thomas v. Talley*, 251 F.3d 743, 747 (8th Cir. 2001). The typical appealable issue is if the right is clearly established. *Id*. This is true for the Fourth Amendment and State-law claims. *See Langford*, 614 F.3d at 455 (when "denial of statutory immunity is immediately appealable" there is jurisdiction over "a purely legal question...at this interlocutory stage.") To the extent Appellants seek a review of how the facts are viewed, the appeal must be dismissed. *Id. See also Est. of Nash v. Folsom*, 92 4th 746, 755 (8th Cir. 2024) ("[W]hen the district court determines

1

that disputed facts remain for a trier of fact to decide, we lack jurisdiction...in an interlocutory appeal.").

### STATEMENT OF ISSUES

I. REASONABLE JUROR CAN FIND OFFICER WINTERS AND LT. WING'S ARRESTED TAYVIN WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT UNDER CLEARLY ESTABLISHED LAW

 *Bell v. Neukirch*, 979 F.3d 594 (8th Cir. 2020)
 *Kent v. Katz*, 312 F.3d 568 (2nd Cir. 2002)
 *Lambert v. City of Dumas*, 187 F.3d 931 (8th Cir. 1999)
 *Scheffler v. Lee*, 752 Fed.Appx. 239, 247-248 (6th Cir. 2018)

II. REASONABLE JUROR CAN FIND OFFICER WINTERS AND LT. WING'S ARRESTED TAYVIN WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT UNDER CLEARLY ESTABLISHED LAW

 *Children v. Burton*, 331 N.W.2d 673, 678–79 (Iowa 1983)
 *Lambert v. City of Dumas*, 187 F.3d 931 (8th Cir. 1999)
 *State v. Stevens*, 394 N.W.2d 388 (Iowa 1986)
 *Young v. City of Des Moines*, 262 N.W.2d 612, 619 (Iowa 1978)

### STATEMENT OF CASE

## I. Procedural Background

Tayvin agrees with the Appellants' procedural background. (Appellants.Br. 31-32.)

## II. Factual Background

This Court's factual review is limited to determining if "'the conduct that the district court "deemed sufficiently supported..." violate[s] the

2

plaintiff's clearly established federal rights'" *Shannon v. Koehler*, 616 F.3d 855, 861 (8th Cir. 2010) (*quoting Lockridge v. Bd. of Trs. Of Univ. of Ark.*, 315 F.3d 1005, 1008 (8th Cir. 2003)). The district court made extensive findings of fact about the circumstances of Tayvin's arrest. (AppV2.456-461; R.Doc.77 at 2-7, 14-17; Add.2-7.) Appellants' recitation of facts must be rejected where it contradicts these findings, including framing "facts" in their favor. *See Taylor v. St. Louis Cmty. College*, 2 F.4th 1124, 1127 (8th Cir. 2021) (court cannot "cast aside the district court's factual findings, analyze the factual record, and resolve genuine factual disputes against the non-moving party.")

### SUMMARY OF ARGUMENTS

I.   The district court correctly found a reasonable juror could conclude key indicators of intoxication were missing, that Tayvin was unimpaired, and that Officer Winters manufactured reasons for arrest in Lt. Wing's presence in violation of clearly established law.

II.   The district court correctly found a reasonable juror could conclude Officer Winters and Lt. Wing falsely arrested Tayvin under clearly established Iowa law, and neither they nor the City of Newton are entitled to immunity under Iowa Code §670.4A.

3

**ARGUMENTS**

**I. The District Court Correctly Denied Summary Judgment on the Fourth Amendment and Iowa Common-Law Claims**

    **A.** STANDARD OF REVIEW

Summary judgment is granted only if the movant shows there is no genuine dispute as to any material fact, entitling movant to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine if evidence could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome. *Flores v. U.S.*, 689 F.3d 894, 902 (8th Cir. 2012).

Tayvin's evidence is believed with all justifiable inferences drawn in his favor. *Tolan v. Cotton*, 572 U.S. 650, 651 (2014). The movant must identify evidence demonstrating no genuine issue of material fact. *Carter v. Chrysler Corp.*, 173 F.3d 693, 699 (8th Cir. 1999). The Court doesn't weigh evidence or determine truth, but only decides whether a genuine issue exists for trial. *Tolan*, 572 U.S. at 656.

As applied to federal claims, qualified immunity asks, "whether official's conduct violated a constitutional…right, and whether that right was clearly established." *L.G. through M.G. v. Columbia Pub. Schools*, 990 F.3d 1145, 1147 (8th Cir. 2021). The officer seeking immunity bears

4

the initial burden of proving their entitlement. *Sparr v. Ward*, 306 F.3d 589, 593 (8th Cir. 2002). The plaintiff must demonstrate the clearly established law. *Id*.

**B.** Reasonable Juror can Find Officer Winters and Lt. Wing's Arrested Tayvin Without Probable Cause in Violation of the Fourth Amendment Under Clearly Established Law

The district court correctly found that "when the facts are interpreted in the light most favorable to Galanakis, a reasonable juror could conclude that Winters violated Galanakis's clearly established rights under the Fourth Amendment by arresting him for driving while intoxicated." (AppV2.473; R.Doc.77 at 19; Add.19.) Appellants argue the district court misapplied the facts to the law while also getting the facts and the law wrong. These arguments ignore that the facts are viewed in Tayvin's favor, not theirs, and nothing in the record blatantly contradicts the district court's findings. The district court correctly identified and applied the law. Appellants' efforts to obtain a resolution of factual disputes in their favor must fail.

**1. Arrest Violated the Fourth Amendment**

A Fourth Amendment seizure occurs if the circumstances would make a reasonable person believe he was not free to leave. *Davis v.*

5

*Dawson*, 33 F.4th 993, 997 (8th Cir. 2022) (*quoting U.S. v. Mendenhall*, 446 U.S. 544, 554 (1980)). A stop is a seizure "judged for its reasonableness in light of the circumstances." *Whren v. U.S.*, 517 U.S. 806, 809 (1996). Officer Winters and Lt. Wing seized Tayvin for using high beams and then to investigate if he was intoxicated. (AppV1.204[1] [13:17–14:25], 205, 209-213; R.Doc.40-3 at 6 [13:17–14:25] 7, 11-15.)

The stop's initial validity is undisputed and the district court found "Winters arguably had reasonable suspicion" to investigate intoxication "albeit just barely[.]" (AppV2.468; R.Doc.77 at 14; Add.14.) Tayvin's arrest, however, required probable cause to believe he was intoxicated. *Lambert v. City of Dumas*, 187 F.3d 931, 935 (8th Cir. 1999). The district court correctly found there was not even arguable probable cause "after [Tayvin] completed the field sobriety tests and blew 0.00 on the breathalyzer." (AppV2.468; R.Doc.77 at 14; Add.14.)

Tayvin did not have bloodshot eyes. (AppV1.204 [01:11-01:35, 02:04-02:07, 03:44-03:46, 10:00-12:11, 17:29-18:04, 22:10-22:14]; AppV2.364 [28:6-17]; R.Doc.40-3 at 6 [01:11-01:35, 02:04-02:07, 03:44-03:46, 10:00-12:11, 17:29-18:04, 22:10-22:14]; R.Doc.53-3 at 16 [28:6-17].)

---

[1] Citation to Officer Winters' body camera at Joint Appendix p.298.

6

His speech was not slurred. (AppV1.204 [14:24-15:24, 18:30-19:25], 368 [11:16-20]; AppV2.426[2] [14:00-18:05]; R.Doc.40-3 at 6 [14:24-15:24]; R.Doc.53-3 at 20 [11:16-20], 78 [14:00-18:05].) There was no smell of alcohol. (AppV2.368 [11:21-23], 384-390; R.Doc.53-3 at 20 [11:21-23], 36-42.) Exiting the vehicle when asked, he was steady on his feet. (AppV1.204 [17:27-18:12]; R.Doc.40-3 at 6 [17:27-18:12].) He cooperated until he was falsely accused. (AppV1.204 [14:24-15:24, 16:57-18:12, 18:30-19:25]; R.Doc.40-3 at 6 [14:24-15:24, 16:57-18:12, 18:30-19:25].) This contradicts intoxication. *See State v. Morgan*, 877 N.W.2d 133, 137 (Iowa Ct. App. 2016) (*quoting* 61A C.J.S. Motor Vehicles §1518 (2016)) ("'[C]ommon indicia of intoxication include an odor of alcohol, bloodshot and watery eyes, slurred speech and an uncooperative attitude.'")

Nor did field testing display evidence of impairment due to intoxication. (AppV2.368-369 [12:25-13:6]; R.Doc.53-3 at 20-21 [12:25-13:6].) Tayvin had no blood alcohol content. (AppV2.368 [11:21-23]; R.Doc.53-3 at 20 [11:21-23].) All clues from testing arose from a failure to follow instructions, not impairment. (AppV2.396-397 [13:21-14:6], 398 [18:13-19:3], 411, 415, 417; R.Doc.53-3 at 48-49 [13:21-14:6], 50 [18:13-

---

[2] Citation is to Lt. Wing's body camera at page 427 of the Joint Appendix.

19:3], 63, 67, 69.) Tayvin and Officer Winters were more interested in bickering than listening, with Officer Winters counseled for his poor communication during this stop. (AppV1.204 [26:26-29:50]; AppV2.370 [19:8-20], 376 [18:13-16], 381-383, 392-393; R.Doc.40-3 at 6 [26:26-29:50]; R.Doc.53-3 at 22 [19:8-20], 28 [18:13-16], 33-35, 44-45.) Officer Winters had no basis for suspecting marijuana, being unqualified, and having no ability to distinguish the smell of marijuana, but admitting it does not smell like alcohol. (AppV2.369 [15:6-21], 370 [18:1-17]; R.Doc.53-3 at 21 [15:6-21], 22 [18:1-17].) Tayvin was released without charges as there were no indications of intoxication. (AppV2.353 5 ¶48-49, 359 ¶48-49; R.Doc.53-3 at 5 ¶48-49, 11 ¶48-49.)

Officer Winters' conduct during Tayvin's seizure led Lt. Wing to question Officer Winters' competence in assessing intoxication. (AppV2.369 [15:22-16:18], 373 [8:8-15], 374 [9:6-9], 376 [19:10-12, 19:21-20:9], 378 [25:18-26:5, 27:1-14], 392-393; R.Doc.53-3 at 21 [15:22-16:18], 25 [8:8-15], 26 [9:6-9], 28 [19:10-12, 19:21-20:9], 30 [25:18-26:5, 27:1-14], 44-45.) This question is heightened by Officer Winters' interest in charging Tayvin after he was confirmed to be sober. (AppV2.369 [15:22-16:18]; R.Doc.53-3 at 21 [15:22-16:18].)

Lt. Wing observed and interacted with Tayvin throughout. (AppV1.212; AppV2.375 [15:17-16:1], 377 [23:19-24:23], 426 [14:00-21:55]; R.Doc.40-3 at 14; R.Doc.53-3 at 27 [15:17-16:1], 29 [23:19-24:23], 78 [14:00-21:55].) Officers participating in an arrest are arresting officers liable for violating the law. *See Seymour v. City of Des Moines*, 519 F.3d 790, 799 (8th Cir. 2008) (both officers involved in questioning and detaining individual violated constitution); *Davis,* 33 F.4th at 998 (three officers detaining family in two cars liable). Whether Lt. Wing subjectively decided to arrest Tayvin is irrelevant. *U.S. v. Pratt,* 355 F.3d 1119, 1124 (8th Cir. 2004).

The facts asserted as contradicting the district court do not establish probable cause. A vehicle's burned-out headlight is not evidence of driver intoxication. As Iowa law recognizes that a single instance of poor driving is insufficient to show intoxication, the decision to drive with high beams has even less weight. *State v. Tague*, 676 N.W.2d 197, 205-06 (Iowa 2004). *See also State v. Murphy*, No. 21-0938, 2022 WL 1100904, *4 (Iowa Ct. App. Apr. 13, 2022) (*Tague*'s central point is "there must be more than a single instance of poor driving…to distinguish between everyday drivers…and those who are reasonably suspected to be driving

9

while impaired."); *State v. Lobo*, No. 17-1768, 2019 WL 762192, \*7 (Iowa Ct. App. Feb. 20, 2019) (Tabor, P.J., dissenting) (collecting cases finding no reasonable suspicion for traffic stop).

Appellants ask the Court to view Tayvin's search for and presentation of his documents in *their* favor ignoring the standard of review. (Appellants.Br. 39-40.) This contradicts the admission that as Tayvin looked for the documents Officer Winters requested, he answered six questions from Officer Winters in about 55 seconds: 1) if it was his car (it was); 2) where he was going (home, giving its address); 3) whether he was new to town (he was not); 4) why he had out of county plates (got car from his grandfather in Greenfield); 5) where he was coming from (a friend's house); and 6) whether he had anything to drink (he had not). (AppV1.204 [14:24-15:24]; AppV2.435 ¶2; R.Doc.40-3 at 6[14:24-15:24]; R.Doc.61-1 at 2-¶2.) It is admitted that Tayvin responded clearly to each question as he actively looked for and reviewed documents. (AppV1.204 [14:24-15:24]; AppV2.435 ¶3; R.Doc.40-3 at 6 [14:24-15:24]; R.Doc.61-1 at 2-¶3.) It is admitted that Tavyvin was doing this in the middle of the night, with little light, and without his contacts. (AppV1.204 [14:24-15:24]; AppV2.365 [30:11-18], 436 ¶4-5; R.Doc.40-3 at 6 [14:24-15:24];

10

R.Doc.53-3 at 17 [30:11-18]; R.Doc.61-1 at 3-¶4-5.) As the district court said, Tayvin "'struggled'...only in the sense that he had expired versions of each document in his glove compartment, along with the current version of the registration." (AppV2.469; R.Doc.77 at 15; Add.15.)

It is claimed the presence of air fresheners and Tayvin's chewing gum create probable cause of intoxication. (Appellants.Br. 41.) How these everyday acts demonstrate impairment is unexplained. *See Seymour*, 519 F.3d at 798 (when suspicion is based on facts that reasonably appear innocent, officer must explain how "training endowed seemingly innocent facts with criminal significance.") Nor is it explained how air fresheners had any bearing when only the smell of alcohol was claimed and Tayvin had no alcohol in his system.

As to the authority cited, it is true the *smell* of air freshener, combined with the smell of marijuana, a visible "mist" in the vehicle, physical indicators, and an alerting drug dog creates probable cause "to make a warrantless search of [a] vehicle." *U.S. v. Barry*, 394 F.3d 1070, 1078 (8th Cir. 2005). It is unexplained how this applies to probable cause to arrest for driving while intoxicated absent everything *except* an air freshener when the district court found these two facts barely support

11

arguable reasonable suspicion. (AppV2.468; R.Doc.77 at 14; Add.14.)

There was nothing inconsistent or inaccurate about Tayvin's statements regarding his vehicle or contacts. Tayvin correctly stated the vehicle he got from his grandfather that he drove to and from college was his. (AppV1.204 [14:38-15:01, 18:50-18:55]; R.Doc.40-3 at 6 [14:38-15:01, 18:50-18:55].) This is no more inconsistent with Tayvin's dad being the owner than Tayvin saying he was going "back home" rather than to his parents' house. Probable cause is not generated by a colloquial statement that differs from a technical one. The same holds for his eyes being red from contacts he had taken out a short time earlier. *See Kent v. Katz*, 312 F.3d 568, 576 (2nd Cir. 2002) (alternate cause for eye redness).

Nor is a single misstatement of a single word, quickly corrected, when facing the stress of a false accusation evidence of anything. (Appellants.Br. 42.) No reasonable officer, or juror, would view this as a sign of intoxication. Nothing Tayvin said was vague or implausible, nor was he "nervous, agitated, or evasive" to give "the officers reason to discredit everything [he] had told them." *District of Columbia v. Westby*, 583 U.S. 48, 59-60 (2018). "To the contrary," as the district court found, "[t]here is nothing in the body worn camera video...demonstrating

12

features of impairment in his verbal...conduct" with Tayvin communicating with Officer Winters "in a manner that would have been difficult for an impaired person." (AppV2.468; R.Doc.77 at 14; Add.14.)

As to Officer Winters' knowledge of NAIA drug testing policies, the district correctly noted that as his "incident report does not mention anything about this...a reasonable juror could conclude it was not something Winters realized or contemplated during the stop" and that single statement like this is insufficient to establish probable cause "given the surrounding evidence of non-impairment." (AppV2.470; R.Doc.77 at 16; Add.16.) Such "evidence of non-impairment" includes the 0.00 BAC result from the preliminary breath test which came immediately before Officer Winters changed to asking about marijuana. (AppV1.204 [35:00-35:28]; R.Doc.40-3 at 6 [35:00-35:28].) This sudden unsupported change led Lt. Wing to admit "I should have questioned Officer Winters as to what his observations were and how they lead him to believe [Tayvin] was impaired." (AppV2.378 [27:1-14], 393; R.Doc.53-3 at 30 [27:1-14], 392.) These are now jury questions that can reasonably be answered, "None."

The "failures" in field testing are not indicative of intoxication, but

13

only inattention to detail in frustrating circumstances. *See Bell v. Neukirch*, 979 F.3d 594, 604 (8th Cir. 2020) (probable cause requires the totality of circumstances to be sufficient for a prudent person to believe a crime was committed.) As the district court concluded, there were "very minor issues" of Tayvin "fail[ing] to follow Winter's instructions" that were "more indicative of the fact that he and Winters were distracting each other than of impairment." (AppV2.470; R.Doc.77 at 16; Add.16.) The record reveals no failures for mental or physical impairment, but mere failure to follow instructions. (AppV2.396-397 [13:21-14:6], 398 [18:13-19:3], 411, 415, 417; R.Doc.53-3 at 48-49 [13:21-14:6], 50 [18:13-19:3], 63, 67, 69.) Nor is any such impairment claimed by Appellants, just the failure to follow instructions. (Appellants.Br. 44-46.) Nothing about his "steady and confident" words and movements suggested intoxication as the cause. (AppV2.471; R.Doc.77 at 17; Add.17.)

Officer Winters is not qualified to determine intoxication by controlled substances and cannot distinguish the smell of marijuana, but admits it does not smell like alcohol. (AppV2.369 [15:6-21], 370 [18:1-17]; R.Doc.53-3 at 21 [15:6-21], 22 [18:1-17].) Rather, he relies on the Newton Police Department's drug-recognition expert, to Lt. Wing's concern.

14

(AppV2.373 [8:8-15], 374 [9:6-9], 376 [19:10-12, 19:21-20:9], 378 [25:18-26:5], 393; R.Doc.53-3 at 25 [8:8-15], 26 [9:6-9], 28 [19:10-12, 19:21-20:9], 30 [25:24-26:5]; 30 [25:18-24], 45.) There was no marijuana smell, no bloodshot eyes, delayed or unclear verbal or physical responses, or other indications of marijuana use. He was cleared by the drug-recognition expert, who saw no signs of marijuana use. (AppV2.384-390; R.Doc.53-3 at 36-42.) Tayvin saying he could not remember when he last smoked marijuana adds nothing to the probable cause analysis.

An individual's mood change upon a false accusation adds nothing to probable cause. (Appellants.Br. 48.) Rather, reliance on this natural response to an abuse of power to justify the abuse demonstrates how "a reasonable juror could conclude that Winters was simply manufacturing reasons for arrest[.]" (AppV2.471; R.Doc.77 at 17; Add.17.)

Whether Officer Winters observed anything giving rise to probable cause is disputed requiring a credibility assessment to decide. *See Seymour*, 519 F.3d at 798; *Kent*, 312 F.3d at 577 ("A factfinder… would not be required to credit Katz's assertions as to his observations…."). As credibility cannot be decided on summary judgment, Officer Winters' claimed observations cannot create probable cause. *See Anderson v.*

15

*Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (judge does not "weigh evidence or determine truth" at summary judgment stage); *State v. Carlson*, 276 N.W. 770, 772 (Iowa 1937) (conflicting evidence makes intoxication "largely a question of the credibility of the witnesses").

However low a bar arguable probable cause is "...*it is a bar*" requiring "a 'fair probability' or a 'substantial chance' that the person seized has committed an offense. *Bell*, 979 F.3d at 603 (*quoting Illinois v. Gates*, 462 U.S. 213, 243 n.12 (1983)) (original emphasis). Officer Winters and Lt. Wing were "not free to disregard plainly exculpatory evidence" nor is this Court, which must "analyze the weight of all the evidence – not merely the sufficiency of the incriminating evidence – in determining whether" there was probable cause to arrest Tayvin for driving while intoxicated. *Id*. (*quoting Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999)). Recognizing that inculpatory evidence pales in light of the exculpatory is not ignoring it, but rather the district court doing its job.

Nor does it result from a "blatant contradiction" of the record. (Appellants.Br. 72-75.) None of the circumstances pointed to contradict the district court findings, particularly under the standard of review. Appellants' argument is premised on their *interpretation* of the video,

Appellate Case: 24-1275    Page: 25    Date Filed: 07/01/2024 Entry ID: 5409151

contradicting how such evidence is addressed. This Court "recogniz[es] its obligation to take the...video and all other facts in the light most favorable to" Tayvin. *Thompson v. Monticello, Arkansas, City of*, 894 F.3d 993, 997 (8th Cir. 2018). As it does not "conclusively disprove" Tayvin's position or the district court's findings, this argument means nothing except that Appellants "simply disagree[] with 'the district court's conclusions regarding evidence sufficiency and the genuineness of factual disputes" which the Court cannot review. *Id*. at 999 (*quoting Thompson v. Murray*, 800 F.3d 979, 983 (8th Cir. 2015).

Appellants present no argument or explanation as to how, in the absence of any indicators of intoxication, Tayvin's handling of the documents or failure to follow instructions suggests intoxication. Because a reasonable jury can watch the video and find no evidence of impairment, there is no "blatant contradiction." *Scott v. Harris*, 550 U.S. 372, 381 (2007). *See also McManemy v. Tierney*, 970 F.3d 1034, 1039 (8th Cir. 2020) ("equivocal" video does not "blatantly contradict").

In the absence of physical or mental indicators of intoxication, with all clues attributable to mutual frustration between Tayvin and Officer Winters, there is no basis for finding arguable probable cause.

17

## 2. Clearly Established law

The law is clearly established if the officer "knew or reasonably should have known the action he took within his sphere of official responsibility would violate the constitutional rights…affected." *Wood v. Strickland*, 420 U.S. 308, 322 (1975). This is not "an unfair burden upon a person assuming a responsible public office…nor an unwarranted burden in light of the value which civil rights have in our legal system. Any lesser standard would deny much of the promise of [§]1983." *Id. See also* Avidan Y. Cover, *Reconstructing the Right Against Excessive Force*, 68 Fla L. Rev. 1773, 1795 (2016) (specification requirement protects officers at citizens' expense).

If an objectively reasonable officer should know or anticipate his actions are unconstitutional under the circumstances, the law is clearly established. *O'Connor v. Donaldson*, 422 U.S. 563, 577 (1975). The focus is on whether the officer had fair notice. *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). If "[t]he contours of the right" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right" there is fair notice. *Id.* at 199. *Brosseau* traces to *Anderson v. Creighton*, 483 U.S. 635 (1987), which held finding a right's contours

18

sufficiently clear does not require that "the very action in question has previously been held unlawful…it is to say that in the light of pre-existing law that unlawfulness must be apparent." *Anderson*, 483 U.S. at 640.

*Anderson* traces further back: "The qualified immunity doctrine recognizes that officials can act without fear of harassing litigation only if they reasonably can *anticipate* when their conduct may give rise to liability for damages…." *Davis v. Scherer*, 468 U.S. 183, 194 (1984). *Davis* goes back to the controlling language: "If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

This standard balances the "evils" of damages being a plaintiff's "only realistic avenue for vindication" and the "cost" to officials and "society as a whole" from claims against "innocent" officers by considering "the objective reasonableness of an official's conduct as measured by reference to clearly established law[.]" *Id.* at 814, 818.

Defendants seek a standard for clearly established law departing from and undermining its purpose:

> This "clearly established" requirement is not in the
> Constitution or a federal statute. The Supreme Court came up
> with it in 1982. In 1986, the Court then "evolved" the qualified
> immunity defense to spread its blessings "to all but the plainly
> incompetent or those who knowingly violate the law." It
> further ratcheted up the standard in 2011, when it added the
> words "beyond debate." In other words, "for the law to be
> clearly established, it must have been 'beyond debate' that
> [the officer] broke the law." An officer cannot be held liable
> unless every reasonable officer would understand that what
> he is doing violates the law.

*Jamison v. McClendon*, 476 F.Supp.3d 386, 404 (S.D. Miss. 2020) (citations omitted). *See also* Cover, 68 FLA L. REV. at 1793 (Court has foreclosed reliance on any rule of law requiring "an iota of extrapolation").

This tilt undermines the doctrine's original premise, now justified only by an interest in protecting officials. Joanna C. Schwartz, *How Qualified Immunity Fails*, 127 YALE L.J. 2, 18 (2017). It "herald[s] a retreat" from pronouncements that "qualified immunity could be denied 'in novel factual circumstances'" forcing federal judges "who love to debate whether something is debatable" on the "fool's errand" to "discern whether the law was clearly established "'beyond debate[.]'" *Jamison*, 476 F.Supp.3d at 405-06 (citations omitted). This "one-sided approach…transforms the doctrine into an absolute shield for law enforcement officers, gutting the deterrent effect" of the Constitution.

20

*Kisela v. Hughes*, 584 U.S. 100, 121 (2018) (Sotomayor, J., dissenting).

Scholars observing this deference to law enforcement note "the gap between having a legal right and having an effective remedy…rarely has been wider than…under section 1983." Cover, 68 FLA L. REV. at 1777. "Wise observers have long understood that the appearance of justice is as important as its reality." *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 161 n.3 (1994) (Scalia, J., dissenting). Requiring near duplication for clearly established law, "…tells officers that they can shoot first and think later, and it tells the public that palpably unreasonable conduct will go unpunished." *Kisela*, 584 U.S. at 121 (Sotomayor, J., dissenting).

In *Jackson v. Stair*, 944 F.3d 704 (8th Cir. 2019), *writ of certiorari denied Stair v. Jackson*, No. 20-183, 2021 WL 231556 (2021), the Eighth Circuit returned to the original standard, noting "…'general constitutional principles against excessive force' are enough to…to put a reasonable officer on notice" force used is excessive. *Id*. at 713. "A right is clearly established if its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id*. at 711 (*quoting Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). The question is if the officer had "fair warning that his conduct was unlawful." *Id*.

21

(*quoting Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8ᵗʰ Cir. 2009)).

In asserting Tayvin's argument on clearly established law was an unsupported, summary statement lacking "controlling or persuasive authority finding a Fourth Amendment violation in similar circumstances," (Appellants.Br. 59), Appellants omit the citation to *Lambert*. (AppV2.306; R.Doc.54-1 at 8.) *Lambert* provides: "The Fourth Amendment includes the right to be free from arrest without probable cause." *Id*. at 935. *Lambert* cites a prior case stating, "The Fourth Amendment requires that an officer have probable cause for an arrest." *Ripson v. Alles*, 21 F.3d 805, 807 (8th Cir. 1994). This Court has cited *Lambert* for the same proposition. *See Williams v. City of Alexander, Ark.*, 772 F.3d 1307, 1311 (8th Cir. 2014) ("The Fourth Amendment right to be free from unreasonable searches and seizures requires that arrests be based on probable cause."); *Stoner v. Watlingten*, 735 F.3d 799, 803 (8th Cir. 2013) (quoting *Lambert*); *Berg v. VanLangen*, 54 Fed.App. 252, 253 (8th Cir. 2003) ("Fourth Amendment protects right to be free from arrest without probable cause."). *Lambert* is a controlling authority.

If the dispute is whether this authority presents similar circumstances, *Lambert* involved an arrest for public intoxication.

22

*Lambert*, 187 F.3d at 934. The question was whether the circumstances supported probable cause on intoxication, which they did not:

> The Appellee asserts that Lambert was arrested without probable cause, solely due to his prior interactions with the Dumas police. ...Moreover, she has presented evidence that Lambert was not *visibly* intoxicated and that neither his speech nor his actions provided the officers with probable cause to arrest him. ...Taking these allegations as true, the Court finds that any officer of reasonable competence would have known that no probable cause existed to arrest Lambert.

*Id.* at 935. Officer Winters had even more information than the *Lambert* officer, with a 0.00 breathalyzer obtained before the arrest. *Id.* at 935, n6. As a case where a jury could find an officer manufactured probable cause without evidence of intoxication, *Lambert* is sufficiently similar.

Maybe Appellants' question whether the law makes clear what is needed for probable cause. *See Stoner*, 735 F.3d at 804 (determining if state statute put officer on notice for requirements of carrying a weapon). This Court takes "'a broad view of what constitutes clearly established law; in the absence of binding precedent, a court should look to all available decisional law, including decisions of state courts, other circuits and district courts.'" *K.W.P. v. Kansas City Pub. Schools*, 931 F.3d 813, 828 (8th Cir. 2019) (*quoting Tlamka v. Serrell*, 244 F.3d 628, 634 (8th Cir. 2001)). As the district court set out:

23

> Iowa Supreme Court and Court of Appeals cases have
> repeatedly recognized the significance of slurred speech, signs
> of physical impairment, the odor of alcohol/marijuana,
> bloodshot eyes, erratic driving, the suspect's admissions, and
> the results of a breathalyzer exam (or the suspect's refusal to
> take such an exam) in determining whether...probable cause
> exists for driving while intoxicated.

(AppV2.472; R.Doc.77 at 18; Add.18.) *See State v. Warren*, 955 N.W.2d 848, 866–67 (Iowa 2021) ("strong odor" of marijuana and "faint order" of alcohol and the driver's bloodshot eyes, droopy eyelids, and admission that "it does smell like weed"); *Saunders v. Comm'r of Pub. Safety*, 226 N.W.2d 19, 22 (Iowa 1975) ("erratic driving, the smell of alcohol on his breath, his difficulty in producing his driver's license, and his unstable walk"); *State v. Wenzel*, 987 N.W.2d 473, 485 (Iowa Ct. App. 2022) (failed to yield to emergency vehicle, bloodshot and glassy eyes, slurred speech, rejected all field sobriety tests, and admitted drinking one beer).

Appellants are correct that *State v. Stevens*, 394 N.W.2d 388 (Iowa 1986) noted failure "to pass the dexterity tests" as part of finding probable cause of intoxication. (Appellants.Br. 64.) However, the full sentence provides: "When the defendant, carrying the odor of alcohol, staggered after getting out of the car, and then failed to pass the dexterity tests, probable cause to arrest for public intoxication clearly arose." *Id.* at

391. There was neither an odor nor staggering here. Nor was Tayvin seen leaving a bar around 2:00 a.m., "slumped down" and non-responsive a short time later in the front seat of a car, with a companion admitting they were drinking together. *Id*. at 389-90.

If more of a consensus is needed, the Sixth Circuit recognizes where the record suggests the suspect "consumed no alcohol...; did not stumble or otherwise appear unsteady on his feet; did not slur his speech; did not yell, swear, or speak in an unreasonably loud manner; and did not act in a threatening manner... no reasonable officer would have found probable cause for the arrest." *Scheffler v. Lee*, 752 Fed.Appx. 239, 247-248 (6th Cir. 2018).

The Seventh Circuit recognizes each of these as "indicia of intoxication[,]" rejects "apparent agitation [and] lack of cooperation" as being sufficient for probable cause, and goes as far as to note, "no reasonable officer could believe that the presence of red eyes without some form of motor or cognitive impairment is indicative of intoxication." *Gutierrez v. Kermon*, 722 F.3d 1003, 1012-13 (7th Cir. 2013).

The Second Circuit has held similarly, recognizing an officer cannot "infer intoxication solely from the redness" of a suspect's eyes in the face

of an alternate cause while "ignoring all other comportment that might reflect" on sobriety, nor must the court credit the officer when witnesses present contradicting evidence. *Kent*, 312 F.3d at 576.

And the Tenth Circuit has stated while reasonable suspicion may be found even when a "suspect did not appear intoxicated, was 'articulate,' and 'wasn't slurring his words'," the absence of these is "less than what is required for a showing of probable cause." *Donahue v. Wihongi*, 948 F.3d 1177, 1193 (10th Cir. 2020).

It is clearly established that in the absence of physical or mental impairment due to intoxication, no reasonable officer would objectively believe probable cause existed. Appellants are not entitled to qualified immunity on Tayvin's Fourth Amendment Claim.

**C.** OFFICER WINTERS AND LT. WING FALSELY ARRESTED TAYVIN UNDER CLEARLY ESTABLISHED IOWA LAW

**1.** ***False Arrest***

False arrest's essential elements are "(1) detention or restraint against one's will and (2) unlawfulness of the detention or restraint unlawful detention or restraint against one's will." *Children v. Burton*, 331 N.W.2d 673, 678–79 (Iowa 1983). It is "the unlawful restraint of an individual's personal liberty or freedom of locomotion." *Sergeant v.*

26

*Watson Bros. Transp. Co.*, 52 N.W.2d 86, 92 (Iowa 1952). "Every confinement of the person is an imprisonment…even by forcibly detaining one in the public streets." *Fox v. McCurnin*, 218 N.W. 499, 501 (Iowa 1928) (*quoting* 2 Blackstone, Comm. book 3, p. 171). An arrest is defined as taking a person into custody. *Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761, 769 (Iowa 2002). An arrest is defined as "the taking of a person into custody when and in the manner authorized by law, including restraint of the person or the person's submission to custody." Iowa Code §804.5. As it is an objective question, Iowa law looks at whether a statutory arrest occurred. *Richards v. City of West Des Moines*, No. 22-0895, 2023 WL 4759456, *5 n.2 (Iowa Ct. App. July 26, 2023).

The lawfulness of detention is determined under the objective standard of Iowa Code §804.7. *Veatch v. City of Waverly*, 858 N.W.2d 1, 7 (Iowa 2015). Under §804.7, warrantless arrests are permitted: "1. For a public offense committed or attempted in the peace officer's presence[;] 2. Where a public offense has in fact been committed, and the peace officer has reasonable ground for believing that the person to be arrested has committed it." Iowa Code §804.7.

For either, the officer must have probable cause. *See Young v. City of Des Moines*, 262 N.W.2d 612, 619 (Iowa 1978) (adopting probable cause requirement for misdemeanors committed in officer's presence) *overruled on other grounds, Parks v. City of Marshalltown*, 440 N.W.2d 377 (Iowa 1989); *Veatch*, 858 N.W.2d at 7 ("reasonable grounds" in Iowa Code §870.4 equivalent to probable cause). This is not "identical to the federal constitutional standard" and arrests consistent with the Fourth Amendment standard do not automatically satisfy §804.7. *Id*.

In a civil context, "if an officer acts in good faith and with a reasonable belief that a crime has been committed and the person arrested committed," the arrest is justified. *Children*, 331 N.W.2d at 680. This must be based on facts within the officer's knowledge when the arrest was made. *Id*.

Physical force nor its threat is needed as an arrest can "result from submission to asserted legal authority." *Zohn v. Menard, Inc.*, 598 N.W.2d 323, 327 (Iowa Ct. App. 1999). Submission to an authority and purpose to arrest is an arrest. *State v. Johnson-Hugi*, 484 N.W.2d 599, 601 (Iowa 1992). Lack of charges or booking does not preclude an arrest.

Appellate Case: 24-1275     Page: 37     Date Filed: 07/01/2024 Entry ID: 5409151

*State v. Rains*, 574 N.W.2d 904, 910 (Iowa 1998) *overruled on other grounds, State v. Williams*, 895 N.W.2d 856 (Iowa 2017).

Tayvin was detained against his will. Once a warrantless seizure is shown, "the burden of proof shifts to the defendant to show justification[.]" *Children*, 331 N.W.2d at 679. This justification must come from "facts within the officers' knowledge *at the time the arrest is made.*" *Id.* at 680 (original emphasis).

As noted above and found by the district court, Tayvin did not have bloodshot eyes, slurred speech, or smell of alcohol. (AppV1.204 [01:11-01:35, 02:04-02:07, 03:44-03:46, 10:00-12:11, 14:24-15:24, 17:29-18:04, 22:10-22:14]; AppV2. at 364 [28:6-17], 384-390, 426 [14:00-18:05]; R.Doc.40-3 at 6 [01:11-01:35, 02:04-02:07, 03:44-03:46, 10:00-12:11, 14:24-15:24, 17:29-18:04, 22:10-22:14]; R.Doc.53-3 at 16 [28:6-17], 36-42, 78 [14:00-18:05].) He cooperated with Officer Winters until he was falsely accused and was steady on his feet. (AppV2.435 ¶2-3, 436 ¶4, 437 ¶8, 438 ¶13, 439 ¶16; R.Doc.61-1 at 2-¶2-3, 3-¶4, 4-¶8, 5-¶13, 6-¶16.) None of these "common indicia of intoxication" were present, precluding a finding of probable cause. *See Lambert*, 187 F.3d at 935; *Morgan*, 877 N.W.2d at 137; *Warren*, 955 N.W.2d at 866–67; *Stevens*, 394 N.W.2d at 391;

29

*Saunders*, 226 N.W.2d at 22; *Wenzel*, 987 N.W.2d at 485. Field testing revealed no blood alcohol content, no evidence of intoxication, and only the failure to follow instructions due to bad communication. (AppV2.396-397 [13:21-14:6], 398 [18:13-19:3], 411, 415, 417; R.Doc.53-3 at 48-49 [13:21-14:6], 50 [18:13-19:3], 63, 67, 69.) Officer Winters is unable to identify marijuana intoxication, cannot identify the smell of marijuana, and admits it does not smell like the only smell he claimed. (AppV2.369 [15:6-21], 370 [18:1-17]; R.Doc.53-3 at 21 [15:6-21], 22 [18:1-17].)

Under the facts found by the district court, viewed in Tayvin's favor, there was no probable cause to arrest Tayvin. Tayvin was falsely arrested when Officer Winter and Lt. Wing took him into custody without probable cause. Summary judgment was correctly denied.

## 2. No State Statutory Qualified Immunity

Iowa Code §670.4A provides that municipal officers are immune from monetary damages if:

> The right…secured by law was not clearly established at the time of the alleged deprivation, or at the time…the state of the law was not sufficiently clear that every reasonable employee would have understood that the conduct alleged constituted a violation of law.

Iowa Code §670.4A(1)(a).

30

Appellants contend this statutory qualified immunity "tracks the federal standard." (Appellants.Br. 70.) No authority is cited in support, and Tayvin cannot find any Iowa appellate court decision applying it. *See Burnett v. Smith*, 990 N.W.2d 289, 305 (Iowa 2023) ("The legislature has now enacted a separate *Harlow*-type immunity...we have yet to consider.") Despite this absence, it is recognized this is the uniform position of the U.S. District Courts for Iowa that have addressed it, including the district court here. (AppV2.466; R.Doc.77 at 12; Add.12.) *See Stark v. Hamelton*, No. 3:18-cv-00069, 2021 WL 4056716, *4 (S.D. Iowa Sept. 2, 2021) ("In enacting § 670.4A, it appears the Iowa Legislature was adopting a state law version of qualified immunity that tracks the qualified immunity doctrine as it exists under federal law.").

"It follows that Plaintiffs' success in proving a "clearly established right" under federal law will mean they have also proven the same clearly established right under state law." *Dunn v. Doe 1-22*, No. 4:21-cv-00053, 2023 WL 3081611, *17 (S.D. Iowa April 24, 2023). The above-cited authorities demonstrate that no reasonable officer would believe there was probable cause to arrest Tayvin as required under Iowa law.

Freedom from false arrest is clearly established at common law.

31

*Fox*, 218 N.W. at 501. It is clearly established the circumstances did not create probable cause to arrest Tayvin for driving while intoxicated. Tayvin's arrest violated his clearly established right against false arrest.

The City of Newton is liable for the negligence of its employees acting in the scope of employment. *Godar v. Edward*s, 588 N.W.2d 701, 705 (Iowa 1999). Scope of employment includes acts: "so closely connected with…and so fairly and reasonably incidental to" the employment "that they may be regarded as methods, even though quite improper ones, of carrying [its] objectives[.]" *Vlotho v. Hardin County*, 509 N.W.2d 350, 354 (Iowa 1993). Officer Winters and Lt. Wing were acting as employees of the Newton Police Department when they falsely arrested Tayvin. (AppV1.183 ¶1, 184 ¶3-4; R.Doc.40-2 at 1-¶1, 2-¶3-4.) As Officer Winters and Lt. Wing are not entitled to immunity, neither is the City of Newton.

## CONCLUSION

The district court found a genuine dispute of material fact exists on probable cause to arrest Tayvin. The record, properly viewed by the district court, lacks evidence of physical or mental impairment due to intoxication. Despite this lack, Officer Winters and Lt. Wing arrested Tayvin, violating the Fourth Amendment and Iowa common law. The law

32

on both is so clear that no reasonable officer would believe probable cause existed in these circumstances. This Court must affirm the district court's denial of summary judgment.

GRIBBLE, BOLES, STEWART & WITOSKY LAW

BY: _/s/ Adam C. Witosky_

Matthew M. Boles       AT0001037
Adam C. Witosky        AT0010436
2015 Grand Avenue, Suite 200
Des Moines, IA 50312
Telephone: 515-235-0551
Facsimile:   515-243-3696
mboles@gbswlaw.com
awitosky@gbswlaw.com
ATTORNEYS FOR APPELLEE

## CERTIFICATE OF SERVICE AND FILING

The undersigned certifies the Brief was served on Appellants' counsel on July 1, 2024, by CM/ECF filing as required by 8th Circuit Rules 25A(b)and 28A(a).

Within 5 days of receipt of the notice of filing, 10 paper copies of the Brief with the Addendum attached will be sent to the Clerk of Court, United States Courthouse, 111 South Tenth Street, Saint Louis, Missouri, 63102, and 1 copy to the opposing side at its counsel's address of record, via United States Postal Service.

_/s/ Tami Fairchild_

33

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)

This Brief contains 6,645 words, excluding the parts exempted by Fed. R. App. P. 32(f), and therefore is within the words allowed by Fed. R. App. P. 32(a)(7)(B)(i).

This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in proportionally spaced typeface using Microsoft 365 Word in Century Schoolbook font, 14 point.

GRIBBLE, BOLES, STEWART & WITOSKY LAW

BY: */s/ Adam C. Witosky*

Matthew M. Boles      AT0001037
Adam C. Witosky      AT0010436
2015 Grand Avenue, Suite 200
Des Moines, IA 50312
Telephone:  515-235-0551
Facsimile:   515-243-3696
mboles@gbswlaw.com
awitosky@gbswlaw.com
ATTORNEYS FOR APPELLEE

34